*United States Bankruptcy Court*
*District of New Jersey*
*Clarkson S. Fisher Federal Building*
*United States Courthouse*
*402 East State Street*
*Trenton, New Jersey 08608*

*Hon. Kathryn C. Ferguson*                                                                                              *(609) 858-9351*

## **LETTER OPINION**

May 18, 2023

Joseph D. Frank, Esquire (admitted *pro hac vice*)
FrankGecker LLP
1327 West Washington Boulevard
Suite 5 G-H
Chicago, Illinois 60607
*Attorney for Jones Lang LaSalle Americas, Inc.*

Nicole A. Fulfree, Esquire
Lowenstein Sandler
One Lowenstein Drive
Roseland, New Jersey 07068
*Attorney for Jones Lang LaSalle Americas, Inc.*

Courtney A. Schael, Esquire
Ashford - Schael LLC
100 Quimby Street
Suite 1
Westfield, New Jersey 07090
*Attorney for Debtor, Andrew B Zezas*

Scott J. Freedman, Esquire
Dilworth Paxson LLP
457 Haddonfield Road, Suite 700
Cherry Hill, New Jersey 08002
*Attorney for Daniel E. Straffi, Chapter 7 Trustee*

                        Re:    Andrew B Zezas
                                 Case No. 21-16570

                                 Motion of Jones Lang LaSalle Americas, Inc.
                                 to Modify Stay to Effect Setoff
                                 Hearing Date: 4/18/23

Dear Counsel:

    The court took oral argument on April 18, 2023, on a Motion for Relief from Stay filed by Jones Lang LaSalle Americas, Inc. ("JLL"). For the reasons expressed below, the motion is denied.

    JLL seeks to modify the automatic stay to allow it to exercise its alleged right of setoff under the Promissory Note and related documents against the Debtor's prepetition claims for deferred compensation pursuant to the Jones Lang LaSalle Incorporated Deferred Compensation Plan ("DC Plan"). The Debtor counters that JLL has no setoff rights under either state law or bankruptcy law because the obligations were unmatured as of the petition date, the obligations are not mutual, and JLL does not have allowed claims to setoff. The Debtor additionally asserts that stay relief must be denied because JLL cannot setoff against the Debtor's exempt property.

    The court begins with the exempt property argument because if the Debtor's position is correct then no further analysis is needed. The Debtor contends that the majority view prohibits setoff in bankruptcy against a debtor's exempt assets. While that may have been the majority view at one point, that does not appear to be the current trend. The Third Circuit has not had occasion to rule on this issue but the other Circuits that have, including the Fourth, Fifth and Ninth, have concluded that setoff rights prime a debtor's right to shield exempt property from the claims of pre-petition creditors. Most of the cases discuss policy arguments but this court agrees with the Fourth Circuit panel in *Copley*[1] which reached its conclusion primarily based on cannons of statutory construction. Similarly, this court finds that there is a way to read § 522(c) and § 553(a) in harmony with one another in a way that does not render either a nullity. Section 522(c) provides that "property exempted under this section is not liable during or after the case for any [prepetition] debt." That section is not an absolute bar as it contains several exceptions to the prohibition. Although § 553(a) is not listed among the exceptions, it works in a similar manner and if the delineated exceptions do not render § 522(c) a nullity then neither should § 553(a) be seen to do so. Additionally, the plain language of § 553(a) resolves any apparent conflict because it provides that "[e]xcept as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect **any** right of a creditor to offset a mutual debt

---

[1] 959 F.3d 118 (4th Cir. 2020)

…."[2] The undeniably broad language of § 553(a) necessarily includes the property exemption provisions contained in § 522(c) and renders it subordinate to a creditor's setoff rights. Accordingly, this court rejects the Debtor's argument premised on § 522(c).

It is well established that section 553 of the Bankruptcy Code does not create setoff rights it merely preserves any pre-petition setoff rights that a creditor had under state law.[3] As the Supreme Court explained in *Citizens Bank v. Strumpf*, "Section 553(a) … sets forth a general rule, with certain exceptions, that any right to setoff that a creditor possessed prior to the debtor's filing for bankruptcy is not affected by the Bankruptcy Code."[4] Thus, section 553 "is not an independent source of law governing setoff; it is generally understood as a legislative attempt to preserve the common-law right of setoff arising out of non-bankruptcy law."[5] However, section 553 does add the requirements that the debts being setoff under state law must be mutual and must have arisen before the commencement of the case.[6]

JLL has the burden to prove its right to setoff as of the petition date.[7] And because setoff results in more favorable treatment of a creditor, setoff is strictly construed against the party seeking setoff.[8] But, once proven, setoffs in bankruptcy "have been generally favored, and a presumption in favor of their enforcement exists."[9] Accordingly, if this court finds that JLL has met its burden of proving its right to setoff that may constitute cause for stay relief under section 362(d)(1). But granting stay relief to effectuate setoff is not required. Many courts have held that "bankruptcy courts may deny setoff whenever it appears appropriate in order to do equity, prevent injustice, and achieve the goals of procedural fairness."[10] The Ninth Circuit stated that the section 553 setoff provisions are permissive, not mandatory, and that "equity may override a creditor's satisfaction of technical statutory requirements [of § 553]."[11]

With that framework in mind, the court turns to the applicable state law which in this matter is the law of Illinois.[12] Illinois recognizes both contractual and common law rights of setoff.[13] As the basis for a claim of contractual setoff rights JLL points to paragraph 2 of the Note which

---

[2] 11 U.S.C. § 553(a) (emphasis added)
[3] *Citizens Bank v. Strumpf*, 516 U.S. 16 (1995)
[4] *Id.* at 18
[5] *In re Wood*, 993 F.3d 245, 251 (4th Cir. 2021) (quoting *United States v. Norton*, 717 F.2d 767, 772 (3d Cir. 1983))
[6] *In re Orexigen Therapeutics, Inc.*, 990 F.3d 748 (3d Cir. 2021)
[7] *In re Orexigen Therapeutics, Inc.*, 596 B.R. 9 (Bankr. D. Del. 2018); *Felton v. Noor Staffing Group, LLC* (*In re Corporate Res. Servs. Inc.*), 564 B.R. 196 (Bankr. S.D.N.Y. 2017)
[8] *In re Bevill, Bresler & Schulman Asset Mgmt. Corp.*, 896 F.2d 54, 57 (3d Cir. 1990) (internal quotation marks and citation omitted) ("[S]etoff is at odds with a fundamental policy of bankruptcy, equality among creditors, because it permits a creditor to obtain full satisfaction of a claim by extinguishing an equal amount of the creditor's obligation to the debtor, i.e., in effect, the creditor receives a preference.")
[9] *In re De Laurentiis Entm't Grp., Inc.*, 963 F.2d 1269, 1277 (9th Cir. 1992)
[10] *In re Lakeside Cmty. Hosp., Inc.*, 151 B.R. 887, 893 (N.D. Ill. 1993)
[11] *In re Cascade Roads, Inc.*, 34 F.3d 756, 765 (9th Cir. 1994) (internal quotation omitted)
[12] *See* Note, at § 6; Plan, at § 17.9
[13] *See*, *Sompo Japan Ins., Inc. v. Nippon Cargo Airlines Co.*, 522 F.3d 776, 786 (7th Cir. 2008) (airline entitled to exercise setoff right based on Illinois common law); *In re Dame*, 268 B.R. 529 (Bankr. S.D. Ill. 2001) (where a contract unequivocally grants a right of setoff, courts enforce the terms of the contract)

provides: "JLL is hereby authorized, but not required, consistent with applicable state and federal laws to (i) set-off any and all amounts due to [the Debtor] from [JLL], its successors or their subsidiaries or affiliates, including, without limitation, with respect to bonus and expense reimbursement, against the amount due from [the Debtor] under this Note, and (ii) withhold payment of any such amount to [the Debtor]." JLL also argues that it has a valid and enforceable right of setoff under Illinois common law because JLL and the Debtor have valid and enforceable offsetting obligations against each other, held in the same capacity (*i.e.*, contractual) pursuant to the Note and the DC Plan, giving rise to JLL's setoff rights under Illinois law.[14]

At oral argument, Debtor's counsel acknowledged that the obligations at issue here were prepetition debts but emphasized that the real issue is that Illinois law prohibits the setoff of unmatured debt. So, the court will begin its analysis there. Debtor cites *Clark v. Cannon Steel Erection Co*.[15] as an example of "long-established Illinois law prohibiting the setoff of unmatured obligations."[16] The *Clark* court noted that in a prior case it had found that equitable setoff required a party to "establish that the debt was (1) mutual between the parties; (2) mature; and (3) liquidated."[17] Although that case sets forth "mature" as a necessary requirement for setoff, a close reading of *Clark* and the cases it relied upon reveals that maturity is a concept unique to bank cases. The primary case relied upon in *Clark* was *Bank of Chicago-Garfield Ridge v. Park Nat'l Bank* a 1992 appellate decision. In that case, the maturity issue arose in the context of a bank's right to set off against a customer deposit. Peeling the layers back even further, *Bank of Chicago* relied on a 1913 appellate decision that also involved a bank-depositor relationship. In that case, the court noted that "the [Illinois] Supreme Court has fully determined in numerous cases that a bank cannot withhold payment of a fund on deposit with it or refuse payment of a check drawn upon a fund deposited with it by the depositor on the ground that it holds a note which will mature at some future date, and for the payment of which it seeks to hold the deposit."[18] The requirement of maturity makes sense in the bank-depositor context, but not as a general requirement for equitable setoff under the common law. The other case *Clark* relied on was the 1897 case of *Smith v. Billings*[19] which made no mention of maturity; rather, it focused on the "ascertainable character" of the debt. This court uncovered no Illinois cases outside the bank setting that require maturity as a condition to setoff. Numerous cases hold that the debts must be "valid and enforceable"[20] but that is not the same as saying the debt must have matured prepetition. A review of Illinois bankruptcy cases reveals that outside of the banking context maturity is not a requirement for setoff.[21]

---

[14] *In re Doctors Hosp. of Hyde Park, Inc.*, 337 F.3d 951, 955 (7th Cir. 2003) (Illinois recognizes the common law right of setoff, provided that valid and enforceable offsetting obligations are held in the same capacity by the respective parties)

[15] 359 Ill. App. 3d 739 (Ill. App. Ct. 1st Dist. 2005)

[16] Doc. 78 at 10

[17] Id. (quoting Bank of Chicago–Garfield Ridge v. Park National Bank, 237 Ill.App.3d 1085, 606 N.E.2d 72 (1992))

[18] *Elzy, for Use of Farmers' Bank v. Morrison*, 180 Ill. App. 711, 715–16 (Ill. App. Ct. 1913)

[19] 62 Ill. App. 77, 85 (Ill. App. Ct. 1896), *aff'd*, 170 Ill. 543, 49 N.E. 212 (1897)

[20] *See, e.g.*, *In re Drs. Hosp. of Hyde Park, Inc.*, 337 F.3d 951, 955 (7th Cir. 2003)

[21] *See. e.g., In re Prochrow*, 474 B.R. 607 (Bankr. C.D. Ill. 2011), *aff'd*, 467 B.R. 656 (C.D. Ill. 2012); *In re NTG Industries*, 103 B.R. 195, 197 (Bankr. N.D. Ill. 1989) ("The creditor's right of setoff may be asserted even though at the time the petition is filed the debt is absolutely owing but not presently due.").

The next defense to setoff presented by the Debtor is that the debts are not mutual. Mutuality is a requirement under both Illinois law and the Bankruptcy Code. The Third Circuit has noted that mutuality requires that "each party must own his claim in his own right severally, with the right to collect in his own name against the debtor in his own right and severally."[22] In other words, mutuality requires a "simple bilateral relationship."[23] The Debtor argues that JLL cannot meet the mutuality requirements because the DC Plan is not a simple bilateral relationship between JLL and the Debtor. The Debtor maintains that under the DC Plan he is owed deferred compensation from Jones Lang LaSalle Incorporated (hereafter the "Company") not JLL.[24] JLL counters that setoff is proper here because the subject debts arose between the parties standing in the same capacity, *i.e.*, as contractual obligor and oblige, and no more is required. Both sides have well-articulated arguments on this point, but JLL has the stronger argument. A "top hat" plan such as the DC Pan at issue here is treated as a contract.[25] The Debtor relies on facts such as that the Company, not JLL, signed the DC Plan and was the only party that could terminate or modify the plan. JLL counters that the terms of the DC Plan make clear that a plan participant's employer, here JLL, is the obligor for payment of compensation deferred pursuant to the terms of the DC Plan and that the participant remains an unsecured creditor of the employer thus making the debts mutual.[26] The court agrees. It is unpersuaded by the Debtor's assertion that because the DC Plan itself and/or its administrators could be included in a potential lawsuit that mutuality is destroyed. As the Third Circuit acknowledged in *Orexigen*, mutuality can exist despite the possibility of joint and several liability.[27] Finally, the court rejects the argument that the language in the Promissory Note was too vague to be enforceable or that the DC Plan's anti-alienation provision prohibits setoff.

Ultimately, the argument that persuades the court that granting stay relief to permit setoff is not warranted at this juncture is the Debtor's argument that JLL might not have an allowed claim to setoff. Obviously, a claim that is disallowed would preclude setoff. Both sides acknowledge that under the terms of the Promissory Note that if the Debtor were not validly terminated for cause that his debt to JLL would be forgiven. The Debtor contends that this motion cannot be decided without "discovery and a trial on the issue of the Debtor's wrongful termination by JLL."[28] JLL responds that there are no material facts in dispute that would preclude a ruling that JLL's termination of the Debtor's independent contractor agreement was for cause. The court is unwilling to turn this stay motion into a motion for summary judgment. It would also be unfair to the Debtor who has not had an opportunity to respond in writing to JLL's list of "undisputed facts."[29] The Debtor has filed an objection to JLL's proof of claim[30] and removed a state court

---

[22] *In re Orexigen Therapeutics, Inc.*, 990 F.3d 748, 755 (3d Cir. 2020)
[23] *Id.*
[24] JLL is a subsidiary of the Company. *See,* Azad Certification at par. 14 [Doc 65-1]
[25] *Kemmerer v. ICI Ams., Inc.*, 70 F.3d 281 (3d Cir. 1995)
[26] *See*, DC Plan § § 1.24, 3.9, 17.2, 17.3
[27] 990 F.3d 748, 755 n. 14 (3d Cir. 2021)
[28] Debtor opposition at 17 [Doc 78]
[29] Debtor's counsel requested permission to file a sur-reply, but the request was denied in accordance with the court's Local Rules.
[30] Doc 81

5

action[31] predicated on breach of the employment contract.  The issue of whether the Debtor was wrongfully terminated would be more equitably determined in the context of those two matters.

For that reason, the court is denying the motion for relief from stay.

> */s/ Kathryn C. Ferguson*
> KATHRYN C. FERGUSON
> US Bankruptcy Judge

---

[31] Adv. Pro. 22-1292